UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN CISNEROS,<br><br>Defendants. | Case No. 3:14-cr-00044-LRH-WGC<br><br>ORDER |

Defendant Martin Cisneros has filed a motion for compassionate release (ECF No. 544) pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). The government filed an opposition (ECF No. 550) and Mr. Cisneros replied (ECF No. 556). For the reasons stated below, the Court will deny the motion.

**I. Background**

In the spring of 2014, Mr. Cisneros took part in a conspiracy to sell 17 pounds of methamphetamine to a DEA informant. A year later, he was indicted on two counts: 1) Conspiracy to Distribute and Distribution of at least 50 Grams of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846, and Illegal Use of a Communication Facility, in violation of 21 § 843(b).

Mr. Cisneros pled guilty to the conspiracy charge on June 20, 2017 and the government dismissed the other counts. On October 19, 2017, the Court sentenced Mr. Cisneros to 135 months in prison following a five-year term of supervised release. Mr. Cisneros is now serving his sentence at USP Tucson.

///

Relevant to this order, Mr. Cisneros suffers from insulin dependent Type II diabetes and has an extensive family history with diabetes. He takes multiple medications to treat diabetes including daily injections of insulin.

Mr. Cisneros now seeks compassionate release based on the COVID-19 pandemic and his underlying health conditions. Mr. Cisneros filed this motion on May 29, 2020, about three years into his 11-year sentence.

## II. Legal Standard

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with our without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

### III. Discussion

Mr. Cisneros seeks compassionate release due to his underlying health conditions and the ongoing COVID-19 pandemic. The government opposes, arguing that Mr. Cisneros has not shown extraordinary and compelling reasons for his release, and he is not qualified for compassionate release considering the factors set forth in 18 U.S.C. § 3553(a); namely, that Mr. Cisneros cannot demonstrate he is not a danger to the community.

#### A. Extraordinary and Compelling Reasons

First, the Court finds that extraordinary and compelling reasons do not exist in this case. Mr. Cisneros primarily argues that his diabetes and hypertension, in conjunction with the ongoing COVID-19 pandemic, supports his release. However, Mr. Cisneros' medical records indicate that he is currently receiving appropriate treatment for his conditions while incarcerated. Although Mr. Cisneros' ailments certainly contribute to COVID-19 risk factors, there is no indication that his diabetes is not under control. Moreover, Tucson USP is following BOP-required procedures to mitigate COVID-19 in its facility. Currently, there have been 19 positive staff and 158 positive inmates out of 1364 inmates at Tucson USP. *Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed Nov. 3, 2020). While not insignificant, Tucson USP is not experiencing an uncontrollable outbreak of the coronavirus. On balance, the Court finds that extraordinary and compelling reasons do not exist in this case.

#### B. Danger to the Community

Second, the section 3553(a) factors do not warrant early release, especially given Mr. Cisneros' danger to the community. The gravity of Mr. Cisneros' offense was serious and involved pleading guilty to conspiring to traffic 17 pounds of methamphetamine. The danger to the community of illegal stimulant drug use—especially in the state of Nevada—is not taken lightly. Right now, Mr. Cisneros has served about a quarter of his 135-month sentence, and there is no

indication that he is less of a danger to the community than when his sentence began. The Court finds that Mr. Cisneros should serve the full sentence that is imposed to reflect the seriousness of his crimes, promote respect for the law, and provide adequate punishment for his crimes that damage the community. This sentence is appropriate to adequately deter this conduct and protect the public from the defendant.

## IV. Conclusion

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (ECF No. 544) is **DENIED.**

IT IS FURTHER ORDERED that defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* FED. R. CRIM. P. 43(b)(4).

IT IS SO ORDERED.

DATED this 3rd day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE